UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

INNOVATIVE ACCOUNTING
SOLUTIONS, INC.,

        Plaintiff,                      Civil Case No. 17-12563
                                                    Honorable Linda V. Parker

v.

SPEEDWAY OFFICE PRODUCTS,
METRO RECORD SERVICE, INC., and
SECURITY X-RAY, INC.

        Defendants.
_____/

## OPINION AND ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

This putative class action asserts claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Innovative Accounting Solutions, Inc. is the only named Plaintiff. On the same date it initiated this lawsuit, Plaintiff filed a "Motion for Class Certification" pursuant to Federal Rule of Civil Procedure 23. (ECF No. 3.) In this motion, Plaintiff asks the Court to reserve ruling on the motion until it has conducted discovery on whether class certification is appropriate. The practice of filing premature motions for class certification in TCPA cases has proliferated in this District as a means to avoid the named plaintiff's claim possibly being rendered moot by the defendant's offer of judgment. However, with the Supreme Court's January 20, 2016 decision in

*Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016), there no longer is a need for plaintiffs to file premature motions for class certification.

In *Gomez*, the Court addressed the issue of whether an unaccepted offer to satisfy the named plaintiff's individual claim renders a case moot when the complaint seeks relief on behalf of the plaintiff and a class of similarly situated persons. *Id*. at 666. The Circuit Courts of Appeals disagreed on the answer to this question, with the Sixth Circuit holding that an unaccepted offer can moot a plaintiff's claim. *See id*. 669; *see also O'Brien v. Ed Donnelly Enter., Inc.*, 575 F.3d 567, 574-75 (6th Cir. 2009). The Supreme Court held in *Gomez* "that an unaccepted settlement offer has no force. . . . With the offer off the table, and the defendant's continuing denial of liability, adversity between the parties persists." *Gomez*, 136 S. Ct. at 666. Thus, the case is not rendered moot.

In short, there no longer is a reason for Plaintiff to file a motion for certification which it is not able to support at this time. The motion is premature.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Class Certification (ECF No. 3) is **DENIED WITHOUT PREJUDICE**.

                                                 s/ Linda V. Parker
                                                 LINDA V. PARKER
                                                 U.S. DISTRICT JUDGE

Dated: August 8, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 8, 2017, by electronic and/or U.S. First Class mail.

                                                      s/ R. Loury
                                                     Case Manager